UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:19-CR-0811-1 |
| | § | |
| DANIEL POLANCO | § | |

# JURY INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

**Duty to Follow Instructions**

You, as jurors, are the judges of the facts. But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law

does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

**Defendant's Right to Not Testify**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

**Evidence – Excluding What Is Not Evidence**

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection

and interpretations of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**Evidence – Inferences – Direct and Circumstantial**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

**Credibility of Witnesses**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testify in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.

5

Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**On or About**

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

**Caution – Consider Only Crime Charged**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any other act, conduct, or offense not alleged in the indictment. Neither are you called upon to return as verdict a to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**Caution – Punishment**

If the defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

**Duty to Deliberate**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges – judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing you should do is select one of your number as your foreperson, who will help guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**"Knowingly" – To Act**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

**"Willfully" – To Act**

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

## SUBSTANTIVE OFFENSE INSTRUCTIONS

### COUNT ONE

Retaliating Against a Federal Official
18 U.S.C. § 115

Title 18, United States Code, § 115(a)(1)(B), makes it a crime to threaten to assault, kidnap, or murder a United States official, judge, law enforcement officer.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant, threatened to assault Isidro Martinez.

*Second*: At the time of the alleged threat, Isidro Martinez was a Federal law enforcement officer.

*Third*: That the defendant did so with intent to impede, intimidate, or interfere with Isidro Martinez while Isidro Martinez was engaged in the performance of official duties, or with intent to retaliate against such official on account of the performance of official duties.

The term "Federal law enforcement officer" means any officer, agent, or employee of the United States authorized by law or by a Government agency to engage or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal law.

A "threat to assault" is a statement that expresses an intent to inflict bodily harm on someone, which under the circumstances would cause apprehension in a reasonable person. A "threat" must be distinguished from words of mere political argument, idle talk, or jest. You must determine whether a statement was a "true threat" when judged in this context.

A statement is a "true threat" if a reasonable person would foresee that the statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault. Whether a particular statement is a threat is governed by an objective

9

standard. This means that you should consider the statement in light of its entire factual context, including the surrounding events, content of the statement, reaction of the listeners, and manner and tone in which it was made. Sometimes the tone or the surrounding circumstances can make a difference between a "threat" and something that is not a "threat."

The government does not have to prove that the defendant actually intended to carry out the threat or whether he had an ability at the time to carry out the threat. The key point is whether the defendant intentionally communicated the threat, not whether he intended or had the capability to carry it out.

The defendant's use of ambiguous or subtle language does not preclude the statement from being a "threat." Keep in mind that the government must prove its case beyond a reasonable doubt. You may find that the language in question is so ambiguous that the government has not proved guilt beyond a reasonable doubt.

Further, to be considered a "threat" under Section 115(a)(1)(B), it is not necessary that the statement be made face to face. A "threat" can be made in person, in a letter, or in a telephone call. A defendant does not have to communicate his threat directly to the target of a threat.

If the government proves that a threat to assault was made by the defendant, then you must decide whether the person threatened was a federal law enforcement officer and whether at the time the threat to assault was made, the officer was engaged in the performance of his official duties.

If you find that a threat to assault a federal law enforcement officer was made, then you must consider whether the threat was made with the intent to impede, intimidate, and interfere with Isidro Martinez while engaged in the performance of his official duties or to retaliate against him on account of the performance of those duties.

**SIGNED** at Houston, Texas, on this the 6th day of March, 2020.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | CASE NO. 19-cr-00811-1 |
| vs. | § § | JUDGE KEITH P. ELLISON |
| DANIEL POLANCO,<br>Defendant. | § § § | |

## VERDICT

As to the charge of threatening to assault a United States official, a United States judge, or a Federal law enforcement officer in violation of 18 U.S.C. § 115(a)(1)(B), we the jury find the **Defendant Daniel Polanco,**

_Guilty_
"Guilty" or "Not Guilty"

_[signature]_  3-6-2020
Foreperson            Date

12