UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:19-CR-00811 |
| | § | |
| DANIEL POLANCO | § | |

**POST VERDICT MOTION FOR JUDGMENT
OF ACQUITTAL UNDER RULE 29 FRCP**

TO THE HONORABLE KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

COMES NOW, DANIEL POLANCO, defendant in the above-entitled and numbered cause, by and through his attorney of record file this Post Verdict Motion for a Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure and would show the Court as follows:

1. Defendant was tried and found guilty by a Jury on March 6, 2020 for one count of threatening to assault a federal agent in violation of 18 USC 115.

2. Defendant made a Motion for Judgment of Acquittal prior to a verdict, which was denied by the Court.

3. Defendant hereby renews his Motion for a Judgment of Acquittal, and now moves the Court to set aside the verdict and enter an acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure.

4. At trial there was very limited testimony introduced by the Government.

5. Only one witness was called to testify as an eyewitness to the alleged offense. All other testimony was regarding either the investigation, or testimony of witnesses who did not hear or observe the alleged threat.

6. Homeland Security Investigations Special Agent Isidro Martinez was the sole witness who testified regarding the alleged threat. Special Agent Martinez, the alleged victim of the threat, stated repeatedly on cross-examination that the threat was not a specific threat to commit an assault.

7. When asked "You would agree with me, wouldn't you agent Martinez, that those words that you assert were said by Mr. Polanco do not contain a specific threat to commit an assault, correct?" Agent Martinez responded "Correct, it's not specific." (Trial Transcript Vol 1. Page 109-110)

8. Again, Agent Martinez was asked "Did he specifically threaten to commit an assault against you? Is that the threat that was made?" (Transcript Page 110 at line 15) and Agent Martinez responded: "With the words that he told me, he was not specific about the assault."

9. A third time Agent Martinez was asked "and so you would agree with me that he (Polanco) did not make a threat to commit an assault, correct?" and responded, "So I can't testify about what Mr. Polanco meant when he made that threat, but I can say how I felt given the circumstances about his conviction for drug offense and his inability to control his emotions in the courtroom…" (Transcript page 111)

10. A fourth time agent Martinez was asked "The statement that was made was not a specific threat to commit an assault, correct?" and replied "He didn't – no he wasn't

– he wasn't specific about what kind of assault he was going to commit, no, he wasn't" and was then asked "Or that it would be an assault, correct?" to which he replied "Right." (Transcript page 112)

11. A fifth time Agent Martinez was asked "He (Polanco) doesn't say, 'I'm going to make you pay, I'm going to get you, I'm going to do this' right?" and responded, "Right he didn't say any of those things." Martinez was then asked, "So his statement doesn't even necessarily indicate that he was going to take any action or do anything, correct?" and agent Martinez responded, "With that specific statement that he said, he doesn't say who was going to do it." (Transcript page 114)

12. Over and over again the government's only witness, Agent Isidro Martinez, on the issue of the threat repeatedly stated that it was not specifically directed at himself, and that what was said was not specifically a threat to commit an assault against him.

13. The Court correctly instructed the members of the Jury that in order to find the defendant guilty they must find beyond a reasonable doubt that the Defendant, threatened to assault Isidro Martinez. There is simply no evidence in the trial transcript from which a rational trier of fact could reach a verdict that what Daniel Polanco said was a threat to commit 'an assault' on Agent Martinez beyond a reasonable doubt.

14. Agent Martinez, the only witness to the alleged statement, testified repeatedly that the threat was not specific and that there was no threat that he would be assaulted.

The testimony at trial supports an allegation of a vague threat, but not of a threat to commit an assault as was plead by the government in the indictment.

15. The Court further instructed the jurors "a "threat to assault" is a statement that expresses an intent to inflict bodily harm on someone, which under the circumstances would cause apprehension in a reasonable person. Again, there is no testimony in the record which support a finding by the jurors of a "statement that expresses an intent to inflict bodily harm."

## **LEGAL STANDARD**

16. A concise overview of the applicable legal standard can be found in *United States v. Hester*, 2020 U.S. Dist. LEXIS 5547. Judge Mazzant (E.D.TX) summarized the applicable legal standards as set out below:

17. "A Rule 29 motion for judgment of acquittal "challenges the sufficiency of the evidence to convict." *United States v. Medina*, 161 F.3d 867, 872 (5th Cir. 1998). The issue is "whether, viewing the evidence in the light most favorable to the verdict, a rational [finder of fact] could have found the essential elements of the offense charged beyond a reasonable doubt." *United States v. Boyd*, 773 F.3d 637, 644 (5th Cir. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *United States v. Miller*, 588 F.3d 897, 907 (5th Cir. 2009)). "The standard does not require that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Loe*, 262 F.3d 427, 432 (5th Cir.

4

2001). The factfinder is "free to choose among reasonable constructions of the evidence," and "it retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses." Id. (quotations and citations omitted). A defendant bears a heavy burden in meeting this high standard. *United States v. Achobe*, 560 F.3d 259, 263 (5th Cir. 2008) ("The standard for a sufficiency claim is high."). Consequently, reviewing courts are "highly deferential to jury verdicts." *United States v. McNealy*, 625 F.3d 858, 870 (5th Cir. 2010) ("We review a jury verdict under a 'highly deferential' standard.").

18. That deference is underscored by the Fifth Circuit's frequent refrain: "We stress that 'all reasonable inferences and credibility choices must be made in favor of the jury verdict.'" *United States v. Deville*, 278 F.3d 500, 505 (5th Cir. 2002) (internal citation omitted); *see also United States v. Carter*, 953 F.2d 1449, 1456 (5th Cir. 1992) (the court must give "the government the benefit of all reasonable inferences and credibility choices"). The Fifth Circuit reaffirmed the deferential Rule 29 standard in 2016: Our review is de novo, viewing the evidence in the light most favorable to the Government, asking whether any rational jury could have found all the essential elements of the offense beyond a reasonable doubt. *United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013). In this review, we accept all credibility choices and reasonable inferences tending to support the verdict and resolve any evidentiary conflict in favor of the verdict. *See generally United States v. Vargas-Ocampo*, 747 F.3d 299 (5th Cir. 2014) (en banc) (abandoning use of the "equipoise rule" in evaluations of the sufficiency of the evidence). *United States v. Hudspeth*,

639 Fed. Appx. 1004, 2016 WL 563078, at *1 (5th Cir. 2016). Thus, a court cannot grant a judgment of acquittal unless it concludes, after viewing the evidence through the lens of this deferential standard, that a rational jury would necessarily have had to entertain a reasonable doubt as to the defendant's guilt. *See United States v. Burns*, 597 F.2d 939, 941 (5th Cir. 1979)."

## APPLICATION OF THE LAW TO THE FACTS

19. In the instant case, a rational jury would necessarily have had to entertain a reasonable doubt as to the defendant's guilt. Here there was no conflict in the testimony or contradiction which had to be resolved. And no inferences needed to be drawn.

20. Agent Martinez testified repeatedly that the "threat" made by the Defendant was to not a "threat" to "commit an assault", that the "threat" was not specific as to who it was directed towards or what it was a "threat" to do, and the "threat" was not a "threat" to commit an assault on or against Agent Martinez. Because one of the three elements necessary to sustain a conviction is that a threat to commit an assault was made, it is impossible, based on Agent Martinez testimony, for a rational jury to have found beyond a reasonable doubt that a threat to commit an assault was made. There is simply no evidence whatsoever upon which a jury could have reached that conclusion beyond a reasonable doubt.

21. There were no other witnesses who testified regarding this issue or relative to this essential element. The only testimony which relates to the specific element of a threat to commit an assault is that of Agent Martinez, and his testimony is

6

unequivocally that the threat was not a specific threat to commit an assault, nor was it a threat directed at him personally.

Wherefore, premises considered, Defendant respectfully moves this Court to set aside the verdict and enter a judgment of acquittal based on the insufficiency of the evidence to sustain a conviction pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Specifically, the insufficient evidence that a 'threat to commit an assault' was made.

    Respectfully submitted,

    */s/ Nathan J. Mays*
    NATHAN J. MAYS
    Federal ID No. 32780
    TBA No. 24003981
    The Jones on Main
    712 Main Street, Suite 2400
    Houston, Texas 77002
    Telephone: (713) 229-2490
    Facsimile: (713) 228-0034
    Email: nathanjmays@gmail.com


    Counsel for Defendant,
    **DANIEL POLANCO**

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an email notification of this filing to all parties.

*/s/ Nathan J. Mays*
NATHAN J. MAYS